IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HERMAN PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10-cv-1673 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, HERMAN PRICE, by his attorneys, LOEVY & LOEVY, complains of Defendant, THE UNITED STATES OF AMERICA, and states as follows:

### Jurisdiction and Venue

1.     This action is brought under the Federal Tort Claims Act to redress wrongs committed by agents of the United States of America acting within the scope of their employment with the United States of America.

2.     This Court has jurisdiction of the action under 28 U.S.C. § 1331.

3.     Venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

### Factual Allegations

4.     Plaintiff HERMAN PRICE is 38 years old.  Plaintiff was known during the criminal proceedings against him as Ron Davis.

5.     As a result of the misconduct committed by agents of the United States of America, Plaintiff was falsely implicated in a drug conspiracy.  According to the

fabricated charges in Plaintiff's criminal case, he allegedly knowingly and intentionally distributed 50 grams or more of crack cocaine on October 25, 2005 .

6.　　　Plaintiff was not involved in that alleged drug sale, and all of the evidence suggesting otherwise was fabricated.

7.　　　Among other things, audio recordings used in the case were manipulated and misrepresented in an effort to inculpate, arrest, prosecute, and convict Plaintiff of a crime in which he had no involvement.  Defendant's agents Lee Lucas and Charles Metcalf monitored Bray's recorded telephone call to set up the fake deal, Bray claimed that he was speaking with Davis, when the recording shows that he was actually speaking to a woman.  Defendant's agents' documentation, however, lists the phone call as one to a female recipient, but does not note that Bray tried to pass the call off as one to Davis.  To bolster Bray's false testimony, at the criminal trial, Defendant's agent Lee Lucas testified that he overheard the telephone call between Bray and Davis, though he now admits that he did not. Defendant's agent Lee Lucas also had heard another recording of a meeting purportedly with Davis, and Lucas knew that Bray gave false testimony about that meeting, but Lucas did nothing to correct it or to alert the defense that the audio recordings materially contradicted Bray's testimony.  Defendant's agents also recorded fabricated cell phone calls, allegedly between alleged co-conspirators and Jerrell Bray, to falsely implicate Plaintiff in the alleged drug ring.

8.　　　The alleged "drug buy" between Plaintiff and Mr. Bray was fabricated by the Defendant's agents in an effort to implicate him in the drug ring.

2

Jerrell Bray has admitted under oath that the alleged "drug buy" between Plaintiff and himself never took place.  Although Defendant's agents had notice that Plaintiff did not commit any illegal acts, they later claimed that Plaintiff had sold Mr. Bray illegal drugs.  For instance, Defendant's agent Lee Lucas knowingly misidentified Plaintiff's co-Defendant even though he was right next to a different woman during the purported drug buy. Defendant's agent Lee Lucas further falsely testified at Davis' criminal trial that he saw Davis outside immediately before the alleged deal with a gun in his hand, though he later admitted that testimony was false.

9.     Excluding the manipulated and misrepresented evidence, and given Bray's revelations, there is not a single piece of legitimate evidence linking Plaintiff to the crime with which he was charged.

10.     In order to build a false case against him, the Defendant's agents fabricated evidence that falsely implicated Plaintiff in the drug ring, and destroyed and/or otherwise withheld from the prosecutors and from Plaintiff evidence that would have helped exonerate him, all in violation of the constitution.

11.     In so doing, the Defendant's agents, acting personally, as well as by and through a conspiracy with others, coached and manipulated witnesses, and then withheld from the prosecutors the details of how they had done so.

12.     As described more fully above, Defendant' agents deprived Plaintiff of due process by manipulating, concealing, and tampering with evidence in an effort to falsely implicate and convict him.

13.     Defendants' agents framed Price as part and parcel of their larger

3

conspiracy to frame a number of Mansfield citizens for crimes that they did not commit.

14.    Defendants' agents, including Lee Lucas, Robert Cross, Charles Metcalf, Jamaal Ansari, and others, all possessed exculpatory and/or impeaching material relating to Bray and/or about the involved law enforcement officers that was material to Price's defense.  Defendants' agents failed to turn over that exculpatory and/or impeaching material to Price's defense.

15.    The totality of the Defendant's agents' misconduct was so egregiously abusive that it shocks the conscience.

16.    As a result of the aforementioned wrongful conduct, Plaintiff was wrongfully arrested, indicted, and tried for a crime he did not commit.

17.    Plaintiff suffered substantial damages as a result of Defendant's agents' wrongful conduct.  These damages include both emotional and economic injuries.

## Legal Claims

18.    Defendant's agents' misconduct constitutes malicious prosecution, trespass, false arrest, and intentional infliction of emotional distress in that they caused Plaintiff to be arrested, unlawfully searched, and prosecuted for a crime he did not commit, all without probable cause.

19.    Defendant's agents, acting individually and in concert, improperly subjected Plaintiff to judicial proceedings for which there was no probable cause and under circumstances where the United States, if a private person, would be

4

liable to the claimant in accordance with the law of Ohio.  These actions were undertaken maliciously, resulting in injury.

20.     As a direct and proximate result of the above-described conduct, Plaintiff has suffered actual and special damages including, *inter alia*, extreme emotional distress.  Defendant United States of America is liable for these damages under the Federal Tort Claims Act.

21.     On or about August 24, 2009, Plaintiff filed a claim with the United States under the Federal Tort Claims Act.

22.     In the intervening  months – spanning more than six months, the United States has failed to take any action on Plaintiff's claim and/or denied Plaintiff's claim, which allows for this action under the Federal Tort Claims Act.  28 U.S.C. § 2675(a).

23.     Defendant's agents also reached an agreement to deprive Plaintiff of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

24.     The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendant's agents' actions shock the conscience.

25.     During the criminal proceedings against him, Plaintiff suffered emotional distress as a result of the fraudulent evidence that was admitted, as well as by the inability to rebut that evidence due to Defendant's agents' actions in withholding exculpatory evidence.

26.     Had Defendant's agents timely provided Plaintiff with all of the exculpatory evidence to which he was entitled, including but not limited to the evidence bearing on the manipulations involving Mr. Bray, the audio recordings, and the cell phone conversations, and the misidentification of Plaintiff's co-defendant and other victims of the Mansfield frame-up conspiracy, the prosecution on the drug conspiracy never would have proceeded at all, either as a result of a suppression hearing or because the prosecutors would have simply dropped the charges outright.

27.     All of Defendant's agents' interactions with Plaintiff and the criminal case brought against him were undertaken under color of law, and within the scope of their employment.

WHEREFORE, Plaintiff, HERMAN PRICE, by his attorneys, LOEVY & LOEVY, respectfully requests that the Court enter judgment in his favor and against Defendant, THE UNITED STATES OF AMERICA, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:


/s/ Mark Loevy-Reyes
Attorneys for Plaintiff

Mark Loevy-Reyes
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607