UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN P. PRICE, ET AL., | ) | CASE NO.1:10CV1673& 09-118 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA. | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant United States of America's Motion to Dismiss or Motion for Summary Judgment (ECF # 27). For the following reasons, the Court grants Defendant's Motion and dismisses Plaintiff's claims.

Plaintiff Herman Price brings this action against the United States under the Federal Tort Claims Act, ("FTCA") alleging claims for false arrest, malicious prosecution, trespass and intentional infliction of emotional distress arising under Ohio law. These claims stem from an investigation of drug dealing in Mansfield, Ohio that resulted in numerous arrests, including Price. Later, the confidential informant used by law enforcement in the Mansfield investigation claimed law enforcement framed the defendants. As a result, the United States dismissed the charges against defendants including Price and Price sued the individual law

enforcement officers in the case captioned *Price et al., v. Lee Lucas, et al.,* 1:09CV118 and the United States in the above captioned case. In Price's suit against the individual officers, the Court granted qualified immunity to the officers, finding probable cause existed to prosecute and arrest Price. The Court further held that Price lacked standing to sue because he could not show an injury in fact arising from his arrest, prosecution and incarceration because he was a fugitive from justice. Price admitted fleeing Michigan after pleading to a felony, waiving certain constitutional rights and agreeing to a term of incarceration that encompassed the entire time of the Mansfield investigation, including his arrest and incarceration period. Price fled Michigan at the time of his sentencing, assumed a false identity and began drug dealing in Ohio. But for his illegal acts of fleeing his sentencing and assuming a false identity, Price would have been arrested and incarcerated. Therefore, the Court held Price lacked an injury in fact proximately caused by the Defendants in the Mansfield investigation because he should have been arrested and incarcerated but for his continuing criminal conduct.

The United States now moves for dismissal and for summary judgment, contending Plaintiff's false arrest and trespass claims are time barred under the two year limitation imposed by 28 U.S.C. § 2401(b).[1] Plaintiff concedes these claims are time barred (see Plaintiff's Motion for Relief pg. 5 at footnote filed in 1:09cv118 at ECF # 154) see also Plaintiff's Response 1:10CV 1673, ECF # 33 pg. 2) and the Court dismisses them with

---

[1] Defendant's Motion refers to Plaintiff as "Price" and "Webb" interchangeably. The Court presumes Defendant intends this Motion to address only Plaintiff Herman Price's claims. The confusion arises because Defendant is also defending another case arising from the Mansfield investigation in this Court wherein the Plaintiff's last name is Webb.

prejudice.  Therefore, the only remaining claims are Plaintiff's claim for malicious prosecution and intentional infliction of emotional distress under Ohio state law.

Defendant contends the Court's ruling in *Price, et al. v. Lucas, et al.,* 09CV 118, which was consolidated with the above captioned case, determined the Defendant officers and federal agents had probable cause to prosecute and arrest Price.  Because probable cause is a defense to an FTCA claim for malicious prosecution and emotional distress brought under Ohio law, the Court's prior holding in the consolidated *Price v. Lucas* case forecloses Plaintiff's remaining FTCA claims.

Plaintiff asked for additional time to respond to Defendant's Motion and the Court granted the extension until June 7, 2013.  On June 8, 2013, Plaintiff filed his response, acknowledging his false arrest and trespass claims were time-barred.  Plaintiff further stated that he had filed a Motion for Relief from Summary Judgment and that a ruling in his favor would negate all relief sought by Defendants, including the United States' Motion to Dismiss.  Plaintiff then requested in his response that the Court stay the pending dispositive motions while it determined whether to grant or deny Plaintiff's Motion for Relief.  The Court will not stay the action because Plaintiff has had multiple opportunities to respond, has responded in the form of a Response and Motion for Relief wherein he asserts a number of arguments opposing judgment for Defendants and the Court's prior rulings mandate dismissal of the claims as discussed below.

The FTCA prohibits suits against the United States for claims arising out of enumerated intentional torts, including malicious prosecution and abuse of process.  There is an exception for "acts or omissions of investigative or law enforcement officers of the United

3

States Government ... empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. §2680(h).

To prevail on a claim for malicious prosecution under Ohio law a Plaintiff must demonstrate the following:  (1) malicious institution of prior proceedings against the plaintiff; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. *Fuller v. Cuyahoga Metropolitan Housing Authority*, 334 Fed.Appx. 732, 737, (6th Cir. 2009) citing *Robb v. Chagrin Lagoons Yacht Club, Inc.,* 75 Ohio St.3d 264 (1996).

To prevail on a claims for intentional infliction of emotional distress under Ohio law a plaintiff must demonstrate: "(1) that the actor either intended to cause emotional distress or knew or should have known that the actions taken would result in severe emotional distress; (2) that the actor's conduct was extreme and outrageous, that it went beyond all possible bounds of decency and that is can be considered as utterly intolerable in a civilized community; (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure. *Burr v. Burns* 439 F.Supp.2d 779, 791 (S.D.Ohio,2006).

"Under Ohio law, a cause of action for intentional infliction of emotional distress may lie only where defendant's conduct is 'extreme and outrageous' in that it goes 'beyond all possible bounds of decency,' is 'atrocious,' and is 'utterly intolerable in a civilized community'; conduct that is merely malicious, aggravated, or intentional or that entails an

intent that is tortious or criminal is insufficient to render it actionable." *Abbot*, 348 F. 3d at 545 (citing *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 453 (1983)).

The Court holds Plaintiff cannot maintain his FTCA claims for the same reasons Price could not maintain his §1983 claims.  First, Price lacks standing to sue due to his inability to show an injury in fact.  "To have standing, the plaintiff must demonstrate an '*injury in fact,*' which requires a showing that the party has suffered or will suffer a specific injury." *Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes* 176 Ohio App.3d 54, 66 (Ohio App. 3 Dist.,2008).  "Furthermore, the injury must be traceable to the challenged action, and the injury must likely be redressed by a favorable decision." *Id.*

Price was a wanted fugitive, having fled sentencing in Michigan where he had pled, waived certain constitutional rights and agreed to a seven year term of incarceration that encompassed the entire time he was arrested and incarcerated in the Mansfield investigation.  But for his illegal assumption of a false identity, he would have been arrested and incarcerated.  Therefore, any injury arising from his arrest and incarceration in the Mansfield investigation is not recoverable simply because he should have been arrested and incarcerated by the terms of his plea which incorporated his waiver of certain constitutional rights.

The Court also determined he could not show his injuries, arising from his arrest and incarceration, were proximately caused by Defendants wrongful actions because but for his own illegal conduct he was subject to immediate arrest and incarceration.

Furthermore, the Court determined Price could not prevail on his §1983 claims because the Defendants' actions were reasonable since there was probable cause to prosecute

and arrest Plaintiff.  Since probable cause is a defense to malicious prosecution under Ohio law, these claims fail as a matter of law.  See *Radvansky v. City of Olmsted Falls*, 377 F.3d 291, 315-16 (6th Cir. 2005).   Lastly, because the Court found the Defendants' actions reasonable on Price's §1983 claims, these same acts cannot be the basis for an intentional infliction of emotional distress.

      Therefore, for these same reasons, Plaintiff's FTCA claims fail as a matter of law as well and are dismissed with prejudice.  Therefore, judgment is granted for Defendant and against Plaintiff on his remaining FTCA claims in the above captioned case.

      IT IS SO ORDERED.


                              s/ Christopher A. Boyko
                              CHRISTOPHER A. BOYKO
                              United States District Judge

Dated:  March 7, 2014